GUIDRY, Judge.
On November 17,1982, the jury, by unanimous verdict found the defendant, John Nekita Slate, guilty of simple robbery, in violation of LSA-R.S. 14:65. He was thereafter declared an habitual offender and sentenced to ten years at hard labor in the custody of the Louisiana Department of Corrections. From this conviction and sentence the defendant has perfected this appeal urging that the trial court committed the following errors:
1. In failing to properly apply the sentencing guidelines set forth in Article 894.1 of the Louisiana Code of Criminal Procedure.
2. In failing to state for the record the considerations taken into account and *192 the factual basis therefore in imposing sentence on the defendant, as required by Article 894.1(C) of the Louisiana Code of Criminal Procedure.
3. In imposing a sentence which, under the circumstances applicable to the defendant, is excessive and an arbitrary infliction of severe punishment resulting in cruel and unusual punishment of the defendant.
4. The defendant was not given adequate notice, under the provisions of Article 768 of the Code of Criminal Procedure, as to when, where and to whom certain inculpatory statements, confessions or admissions were made.
We consider these assignments of error in reverse order.
ASSIGNMENT OF ERROR NO. 4
In this assignment, the defendant contends that the trial judge committed reversible error in admitting alleged inculpatory statements over objection that the notice required by LSA-C.Cr.P. Art. 768 had not been given.
The statement in question as testified to by Chief Lambert and corroborated by Officer Rainer was elicited from the defendant during his interrogation at the police station. The statement, allegedly erroneously-admitted, is as follows:

“BY MR. STEWART:

Q. Chief Lambert, I remind you that you are still under oath.

A. Yes, sir.

Q. After you read the defendant his rights, and gave him his rights, did the defendant at any time admit that he had committed this offense?

A. He denied committing the offense.

Q. He didn’t make any inculpatory statements at all?

A. He wanted to pay the lady the money back.

Q. Okay. What exactly did he say?

A. He said he would be willing to give that money back to her, you know, the money she had lost, he would give the money back to her that she lost, you know, if charges wouldn’t be pressed, you know, or if they’d drop it.”

The inculpatory nature of this statement is questionable. On one hand, the defendant denies committing the offense, thus exculpating himself. On the other hand, he offers to pay back the money lost, creating an inference of guilt. Nonetheless, because a trier of fact might ultimately draw an inference of guilt from the statement, it will be treated as inculpatory.
LSA-C.Cr.P. Art. 768 provides as follows: “Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state’s opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence. Amended by Acts 1982, No. 735, § 1.”
The record reveals that there was no pretrial discovery. Prior to beginning its opening statement, the State filed a notice in writing of its intention to introduce confessions or inculpatory statements and delivered such notice to the defendant. A copy of the notice filed by the State is attached to this opinion as “Appendix A”. Counsel for defendant did not object to the insufficiency of such notice at that time. After both opening statements were concluded and the State was examining its second witness, counsel for defendant, anticipating the introduction of the aforementioned statement, asked that the jury be removed and objected to the admission of any incul-patory statements made by the defendant. The basis of his objection was that the notice given him prior to the State’s opening statement did not comply with the requirements of Article 768. Defendant’s objection was overruled and introduction of the statement was allowed.
On appeal, the defendant asserts that this was error because the Article 768 notice was insufficient and the objection to the admissibility of the inculpatory statement *193 was timely. In response, the State urges that defendant’s objection was untimely and that the notice was sufficient.
The State first contends that the trial judge properly overruled the objection, in that, the objection came too late, i.e., it was not contemporaneous with the filing of notice as required by LSA-C.Cr.P. Art. 841. We find that defendant’s objection was timely.
In State v. Palmer, 251 La. 759, 206 So.2d 485 (1968), the Supreme Court specifically indicated that the proper time to object to inculpatory evidence, because not preceded by an Article 768 notice, was at the time the testimony was given.
We also find that the Article 768 notice filed by the State was insufficient. The defendant correctly relies on State v. Sneed, 316 So.2d 372 (La.1975) for the proposition that a general notice, as here, that the State intends to use unspecified confessions or inculpatory statements does not comply with the requirements of Article 768. The notice in this case is similar to that involved in Sneed and for the reasons therein stated, we find that it does not comply with Article 768. Furthermore, unlike Sneed, the record in this case does not reflect that the accused had actual notice by other means (such as by motion to suppress, motion for oyer or bill of particulars) of the State’s intent to use inculpatory statements. See State v. Sneed, supra, cases cited therein, and State v. Williams, 416 So.2d 914 (La.1982).
Since the record reflects timely objection and the State’s failure to comply with the provisions of LSA-C.Cr.P. Art. 768, the trial court erred in admitting the aforementioned statement in evidence. Although error, we are convinced that the defendant’s rights were not substantially prejudiced by the admission of this evidence. The inculpability of the statement objected to is questionable and the other evidence of defendant’s guilt was so strong that we are convinced that there is no reasonable possibility that the evidence complained of contributed to his conviction. We, therefore, conclude that the error was harmless beyond a reasonable doubt and affirm the defendant’s conviction. See State v. Williams, supra; State v. Smith, 401 So.2d 1179 (La.1981).
ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
The defendant contends that the sentence imposed by the trial court is excessive and violative of Art. 1, § 20 of the Louisiana Constitution of 1974. He also contends that the trial judge failed to comply with LSA-C.Cr.P. Art. 894.1, which provides guidelines to be followed by the trial judge in imposing sentence. Our careful review of the record convinces us that it is necessary to remand this ease to the trial court for re-sentencing in compliance with LSA-C.Cr.P. Art. 894.1. Because resentencing is necessary, we do not reach the issue of excessiveness of the sentence imposed.
LSA-C.Cr.P. Art. 894.1 enumerates aggravating and mitigating factors to be considered by the trial court in imposing sentence, and requires that the trial judge “state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” The purpose of the statute is to afford a reviewing court some insight into the reasoning process of the sentencing judge, so that the propriety of the sentence can be better evaluated. State v. Price, 403 So.2d 660 (La.1981). The trial judge need not state for the record his consideration of each of the aggravating and mitigating circumstances enumerated in the article. However, the record must reflect that the judge did consider these guidelines in particularizing the sentence to the defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Guiden, 399 So.2d 194 (La.1981). The record should reflect that the trial court considered not only the seriousness of the crime and the defendant’s criminal history, but also the defendant’s personal history (age, mental status, dependents, family ties, employment record, emotional and physical health) and his potential for rehabilitation. State v. Quebedeaux, supra; State v. Jones, 398 So.2d *194 1049 (La.1981). The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it. State v. Ray, 423 So.2d 1116 (La.1982); State v. Franks, 373 So.2d 1307 (La.1979).
In the instant case, the trial court’s reasons for imposing sentence do not adequately reflect whether the factors listed in LSA-C.Cr.P. Art. 894.1 were considered. In imposing sentence, the trial court simply stated:

“The Court was involved in the previous cases in which the defendant plead guilty or was convicted of a felony. And has had ample opportunity to review previous pre-sentence investigations that were submitted to the Court in those cases, which are relatively recent.

The Court feels that on the basis of that information, the Court is prepared to impose sentence at this time.”

The trial judge failed to elucidate the factors evidenced in the pre-sentence investigation reports which were submitted to the court in connection with previous cases in which the judge was involved. These reports were not made a part of the appeal record. Further, the record does not reflect the nature of defendant’s previous convictions or that the trial court considered the information contained in the pre-sentence reports in light of the sentencing guidelines set forth in LSA-C.Cr.P. Art. 894.1. In short, the inadequacy of the reasons stated by the trial judge and the absence from the record of any information about the defendant make it difficult if not impossible for us to evaluate the appropriateness of this particular sentence. State v. Price, supra. From the record before us, we are unable to determine whether the trial judge simply failed to consider the factors set forth in Article 894.1 or whether he considered them, but found none sufficient to warrant a shorter sentence. Under these circumstances, we find it necessary to remand this matter for resentencing.
For the above and foregoing reasons, the defendant’s conviction is affirmed, but the sentence imposed is vacated; and the case is remanded to the district court for resen-tencing.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.
APPENDIX “A”
STATE OF LOUISIANA VERSUS JOHN NEKITA SLATE
DOCKET NUMBER: 30,977 ELEVENTH JUDICIAL DISTRICT SABINE PARISH, LOUISIANA
TO: John Nekita Slate and his attorney of record
Please take notice that pursuant to Article 768 of the Louisiana Code of Criminal Procedure, the State of Louisiana gives notice of intention to use or introduce into evidence during the trial of this case, remarks, admissions, inculpatory statements and confessions made by the defendant, John Nekita Slate, to the investigating officers and/or other persons.
JAMES LYNN DAVIS
District Attorney 11th Judicial District State of Louisiana
[[Image here]]
*195 CERTIFICATE
I hereby certify that the foregoing notice has been served on the defendant by delivering to the defendant and his attorney of record, , copies of the foregoing notice on this 17th day of November_ 1982, at Many. La.
[[Image here]]