542 So.2d 1134 (1989)
STATE of Louisiana
v.
Brian SANDERS.
No. CR 88-702.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
*1135 Harold Van Dyke, Alexandria, for defendant-appellant.
James Buck, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
DOMENGEAUX, Judge.
Brian Sanders, the defendant, was charged by a bill of information with the crime of simple burglary, a violation of La.R.S. 14:62. On February 10, 1988, a jury of six unanimously found the defendant guilty as charged. The defendant was thereafter billed as a habitual offender pursuant to La.R.S. 15:529.1.
On May 2, 1988, the Trial Judge sentenced the defendant to eighteen years at hard labor. Sanders sought this appeal and has assigned three errors.

FACTS
Sanders approached James Lemon on October 24, 1986, and asked him to do him a favor later that night. That night Lemon went with the defendant and two other men to a place near the railroad tracks on Thornton Street in Alexandria, Louisiana. The Big Way Sales Products Warehouse was directly across the tracks.
There, hidden in some bushes near the railroad tracks, were items. The men loaded these items into their vehicle and brought them to the defendant's apartment. According to Lemon, they then returned to the location on Thornton Street. While Lemon acted as a lookout, the defendant and the two other men went into the Big Way Sales Products building and returned with more items. The defendant was seen carrying a portable barbecue from the building. These items were loaded into their vehicle and the men left for a second time.
The next day, the police noticed that siding had been pulled off the back side of the building. Upon investigating, they found a butane bottle near the rear of the building. The police also found a barbeque pit near the railroad tracks. A variety of barbeque and cooking equipment was subsequently discovered missing from the warehouse.

ASSIGNMENT OF ERROR NO. 1
The defendant maintains, in his first assignment of error, that the jury erred in its verdict, arguing that the State failed to present evidence sufficient to justify a conviction.[1] The defendant argues that the only proof of his guilt was the testimony of Lemon. As Lemon had an extensive criminal record and had many charges pending against him at the time of the trial, the defendant maintains that no reasonable trier *1136 of fact could have found his testimony credible.
The weight to be given a witness' testimony is an issue which must be determined by the trier of fact. State v. Wright, 410 So.2d 1092 (La.1982); State v. Minor, 474 So.2d 546 (La.App. 3rd Cir.), writ denied, 478 So.2d 144 (La.1985). Determinations of the credibility of a witness will not be disturbed on appeal in the absence of manifest error. State v. Nolan, 503 So.2d 1186 (La.App. 3rd Cir.1987), writ denied, 507 So.2d 226 (La.1987).
Lemon had been granted immunity from prosecution for this burglary in exchange for his testimony. However, it is the responsibility of the trier of fact to determine whether his testimony was so biased or tainted as to make it incredible. Lemon's testimony was never impeached by any inconsistencies. It is clear that there was no manifest error in the weight assigned the testimony of Lemon by the jury.
Upon reviewing the sufficiency of the evidence to support a conviction, an appellate court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant to have committed the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Chism, 436 So.2d 464 (La.1983). The record in this case reveals that the evidence was sufficient to convict the defendant of the crime of simple burglary. The testimony of Lemon established that the defendant entered the warehouse and removed the items. The testimony of Michael Gibson, the manager of the Big Way Sales Company, established that the defendant was not authorized to enter the warehouse or to remove any items. The evidence was, therefore, sufficient to convict the defendant.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
In this assignment, the defendant argues that the Trial Court erred in sentencing the defendant pursuant to the Habitual Offender Statute. The defendant argues that he was sentenced as a third felony offender. The defendant argues that the State failed to prove that a five year cleansing period had not lapsed since his prior convictions and that his sentence must, therefore, be set aside.
At the habitual offender hearing, the State introduced evidence of two prior felony convictions. The first conviction, on October 14, 1977, was for simple burglary. Sanders was sentenced to three years, which was suspended with the special condition that he serve one year in parish prison. The second conviction, for aggravated battery, was on March 16, 1982. The defendant was sentenced to six years at hard labor, with credit for time served. The record does not reveal when the defendant was released.
The crime of simple burglary carries a maximum sentence of twelve years at hard labor. In determining the sentence under the Habitual Offender Statute for either a second or third felony offender, the applicable provisions of La.R.S. 15:529.1(A) read:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction;
(2) If the third felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then,
(a) The person shall be sentenced to imprisonment for any term not less than one-half the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction....
In this case, the minimum sentences would be four years for a second offender and six *1137 years for a third offender. The maximum sentence in either case would be twenty-four years. Although the Trial Judge expressed doubt as to whether the defendant should be sentenced as a second or third offender, the Trial Judge chose to sentence him as a second felony offender. Thus, the issue becomes whether the State proved that the defendant was a second offender.
In determining whether convictions are applicable for purposes of the Habitual Offender Statute, R.S. 15:529.1(C) states:
This section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted....
When determining the expiration of a given sentence for the purposes of the Habitual Offender Statute, it is not the sentence imposed which governs, but the date of the person's actual discharge from supervision by the Department of Corrections. State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982); State v. Lambert, 475 So.2d 791 (La.App. 3rd Cir.1985), writ denied, 481 So.2d 1345 (La.1986).
Referencing the defendant's simple burglary conviction in 1977, the five year period had clearly lapsed from the time he had been released and the date of the commission of the instant felony. The defendant was released on April 17, 1978, and this felony did not occur until 1986. The defendant was, however, also convicted on March 16, 1982, of aggravated battery. The State never proved when the defendant was discharged for this offense. However, where less than five years have lapsed since the defendant's last conviction, the State need not prove the date of discharge on the earlier sentence in the Habitual Offender proceeding. State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977). Since the State was not required to prove the date of the defendant's discharge on his 1982 conviction, as it was within the five year period, the defendant was correctly sentenced as a second felony offender.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3
In his final assignment, the defendant argues that the Trial Court erred by imposing an excessive sentence.[2] The defendant maintains that the sentence imposed was grossly disproportionate to the severity of his offense because no threats of force, nor use of a dangerous weapon or any endangering of life was established.
After the defendant was convicted, the Trial Judge ordered a presentence investigation. In sentencing the defendant, the Trial Judge stated that the defendant had juvenile offenses against him from 1974 to 1976. He was also convicted in 1977 for two offenses, the unauthorized use of a movable and simple burglary. In 1981 Sanders was convicted of simple burglary and aggravated battery. Subsequent to his release, he has been charged with numerous counts of attempted battery and simple burglary.
The sentence imposed, eighteen years at hard labor without the benefit of good time, although within the statutory limit, could violate the defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. LeBlanc, 517 So.2d 951 (La.App. 3rd Cir.1987). The penalty imposed, to constitute an excessive sentence, must be so grossly disproportionate to the crime committed, in the light of harm caused to society, so as to shock the reviewing court's sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); LeBlanc, supra.
*1138 The statutory dictates of La.Code Crim. Proc. art. 894.1 furnish guidelines by which a court may measure whether a sentence is excessive. State v. Cann, 471 So.2d 701 (La.1985); LeBlanc, supra. According to art. 894.1, a trial judge must state the factual basis and considerations taken into account in imposing a sentence. State v. Cox, 369 So.2d 118 (La.1979). A trial judge need not articulate every aggravating and mitigating circumstance recited in art. 894.1, provided the record reflects that the trial judge adequately considered these guidelines in particularizing the sentence to the defendant. State v. Franks, 373 So.2d 1307 (La.1979), cert. denied, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981); State v. Carrier, 453 So.2d 1216 (La.App. 3rd Cir.1984). Accordingly, the record must clearly reflect that the trial judge considered the personal history of the defendant, in addition to the seriousness of the crime, and his criminal history. State v. Quebedeaux, 424 So.2d 1009 (La.1982), affirmed on remand, 446 So.2d 1210 (La. 1984); State v. Slate, 440 So.2d 191 (La. App. 3rd Cir.1983).
Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even if there has not been full compliance with art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982); State v. Shelby, 438 So.2d 1166 (La. App. 3rd Cir.1983). The record in this case, however, clearly illuminates the factual basis for the sentence. The defendant's conduct did not threaten or cause any serious harm. The defendant neither acted under provocation nor was his conduct induced or facilitated by the victim. There are no apparent grounds which would have justified his actions. The victim has not been compensated nor has there been any showing of willingness to do so.
Sanders has a long record of criminal activity dating back to 1974. The character of the defendant is such that he is unlikely to respond affirmatively to probationary treatment.
Trial judges are given broad discretion when imposing sentences within the statutory limits and such sentences should not be set aside as excessive absent manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982); LeBlanc, supra. Under the facts and circumstances of this case, it cannot be said that this sentence is excessive.
This assignment of error lacks merit.
For the above and foregoing reasons the conviction and sentence of Brian Sanders are affirmed.
AFFIRMED.
NOTES
[1] Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 1241 (La.1984); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).
[2] The author of this opinion is compelled to again state his position as to appellate reiew of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.