KNOLL, Judge.
Defendant, Henry Wilson, Jr., was charged on May 21, 1992, with possession of cocaine, a violation of LSA-R.S. 40:967 C. After trial by a six person jury, defendant was found guilty as charged. The trial court ordered a presentence investigation report but no felony sentencing guidelines report was prepared. The State then filed a habitual offender bill of information, charging defendant as a fourth felony offender. Defendant denied the allegations in the habitual offender bill of information and after a hearing, he was declared a fourth felony offender and sentenced to 20 years with the Louisiana Department of Corrections.
ASSIGNMENTS OF ERROR
Defendant was represented at trial by Stephen Salter and on appeal he is represented by David Williams. Originally, Williams filed twelve assignments of error. Yet, the appellate brief lists six assignments of error.
With regard to those assignments of error which were filed but not briefed, we consider them abandoned. LSA-Uniform Rules, Courts of Appeal, Rule 2-12.4.
In addition, defendant’s appellate brief contains arguments of assignments of error which were not specified as errors in the trial court in accordance with LSA-Uniform Rules, Courts of Appeal, Rule 1-3 and LSA-C.Cr.P. Art. 920(1) and thus are not properly before us. Accordingly, we will allude in our opinion to those instances where this occurs.
FACTS
On March 20, 1992, at approximately 9:30 a.m., Sergeant Paul Charles and Corporal Donald Shilow of the Lake Charles Police Department were on patrol in the area of Boston Alley in Lake Charles. While they were talking to several persons, an elderly man informed them that a man and woman were smoking crack cocaine inside the bathroom of a local pool hall. The police officers immediately went to the club and the elderly man identified defendant as the man he witnessed smoking the cocaine. Defendant was walking to the front door when Corporal Shilow stopped him at the exit, standing halfway inside and halfway outside the front door of the pool hall. Because of the vicinity’s reputation as a high crime area, Corporal Shilow performed a weapons frisk of defendant. As defendant was raising his hands, Sergeant Charles and Corporal Shilow testified that several rocks fell from his right hand. At this point, Sergeant Charles advised Corporal Shilow that defendant had dropped something and proceeded to retrieve the items from the sidewalk. At this point, Corporal Shilow arrested defendant and handcuffed him. The four rocks which were recovered were analyzed by the Southwest *497 Louisiana Crime Lab and found to contain cocaine.
Contrary to the police officer’s appreciation of the facts, defendant testified that he was in the pool hall. He further stated that the police officers stopped him, made him raise his hands and back onto the sidewalk where they searched the ground until they found the rocks of crack cocaine in the street. Defendant denied smoking crack cocaine and claimed he knew two witnesses, Cathy Stanton and the unidentified bartender at the pool hall, who could have corroborated his version, but his attorney would not subpoena them.
SUFFICIENCY OF THE EVIDENCE
Defendant contends that the verdict was contrary to the law and evidence and that the evidence was insufficient to show that he committed the crime.
When an appellate court is presented with the issue of sufficiency of the evidence, the critical inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It is the role of the fact finder to weigh the respective credibility of the witnesses; accordingly, a reviewing court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard. See, State ex rel. Grajfagnino v. King, 436 So.2d 559 (La.1983), citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. LSA-R.S. 40:967 C provides that it is unlawful for any person to knowingly or intentionally possess a Schedule II controlled dangerous substance. Cocaine is a Schedule II controlled dangerous substance.
In the case sub judice, the evidence established that the two police officers standing next to defendant saw four rocks of crack cocaine drop from his hands as they checked him for weapons. The police officers further testified that they immediately retrieved the crack cocaine from the ground and turned them over to the crime lab. The crime lab later determined that the rocks submitted to them for analysis contained cocaine.
As pointed out in the facts, defendant testified, giving a different version of what transpired when the police stopped him. Succinctly stated, defendant claimed that the rocks of cocaine the police found on the ground were dropped by an unidentified person, not by him.
A determination of the weight of evidence presented is a factual question. The resolution of a matter where conflicting testimony exists requires a determination of credibility of the witness and is a matter of weight of the evidence and not sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). A determination of the weight of evidence rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La. App. 3 Cir.1987), writ, denied, 507 So.2d 226 (La.1987).
A reviewing court will impinge upon a fact finder’s discretion only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson, supra. Where rational triers of fact could disagree about the interpretation of the evidence, we, as a reviewing court, must adopt the rational trier’s view of all the evidence most favorable to the prosecution. Stated another way, a reviewing court will only overturn a trier of fact’s irrational decisions to convict. See, State v. Mussall, 523 So.2d 1305 (La.1988).
In the present case, the jury chose to believe the two police officers and not defendant. Viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found that the State proved defendant’s guilt beyond a reasonable doubt.
Therefore this assignment of error is without merit.
*498 HABITUAL OFFENDER STATUTE
In this assignment of error, defendant contends that the habitual offender statute was misapplied and that the State failed to prove that the five year cleansing period did not elapse between defendant’s prior offenses and this offense.
At the habitual offender hearing, the State introduced a certified copy of the Texas Penitentiary Packet which showed the following chronology: (1) On August 25, 1975, defendant was first convicted of breaking and entering a motor vehicle and received a sentence of 3 years which was suspended and he was placed on probation; defendant’s probation was revoked when he committed another felony; (2) On October 13, 1978, defendant was convicted for burglarizing a building and sentenced to 5 years with the Texas Department of Corrections; this sentence was ordered served concurrently with the 3 year term for defendant’s first conviction; (3) On June 12, 1979, defendant was paroled for his second conviction and the certificate of the parole board states, “If parole served satisfactorily, Discharge Date will be 6-13-83.”
In Louisiana, defendant was convicted on December 9, 1985, of attempted manslaughter and was sentenced to 9 years at hard labor. On February 26, 1990, defendant was paroled. Defendant committed the present crime on March 20, 1992, while he was paroled on his third felony offense.
Defendant argues that the State failed to establish that less than 5 years elapsed between his discharge from the 1978 conviction and the 1985 conviction. Specifically, defendant claims that the State failed to establish the exact date of his discharge from parole for his 1978 conviction.
The first issue we must address is whether the 5 year cleansing period elapsed between defendant’s second and third convictions. LSA-R.S. 15:529.1(0) provides, in pertinent part:
“This section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted....”
Louisiana law is well established that:
“When determining the expiration of a given sentence for the purposes of the Habitual Offender Statute, it is not the sentence imposed which governs, but the date of the person’s actual discharge from supervision by the Department of Corrections.”
State v. Sanders, 542 So.2d 1134, 1137 (La. App. 3 Cir.1989).
The parole certificate states that the discharge date would be June 13, 1983, if defendant satisfactorily completed parole, less than 5 years from the date of his next criminal conviction. We note that the record shows that defendant presented no evidence at the habitual offender hearing which would establish an earlier discharge date. In Louisiana, the time of parole supervision is considered part of a person’s period of incarceration, and is computed in the period of custody or supervision. State v. Vincent, 387 So.2d 1097 (La.1980). Therefore we find defendant’s argument is without merit.
Defendant also asserts in brief that the Texas certificate of parole was inadmissible since it was not certified by the warden or other chief officer of the prison in accordance with LSA-R.S. 15:529.1(F). Since defendant did not object to this evidence at the habitual offender hearing, we cannot consider this objection for the first time on appeal. LSA-C.Cr.P. Art. 841.
INEFFECTIVE ASSISTANCE OF COUNSEL
Defendant argues ineffective assistance of counsel as an assignment of error.
A claim for ineffective assistance of counsel is more properly raised in an application for post-conviction relief. State v. Burkhalter, 428 So.2d 449 (La.1983). This method enables the trial court to order a full evidentiary hearing on the matter. State v. Seiss, 428 So.2d 444 (La.1983). However, where we find that the record contains sufficient evidence to consider the issue and the issue has been raised in a formal assignment *499 of error, we may consider the issue. For reasons assigned herein, we find it inappropriate to address defendant’s argument.
In the case sub judice, appeal counsel begins his argument with this statement, “Although the record does not show it, defense attorney only met with the appellant on one occasion prior to trial.” Counsel’s one paragraph argument concludes as follows, “This case should be remanded so that a more complete record can be made considering the evidence that was not put on by appellant’s attorney.”
Although defendant refers in brief to examples of deficient performance by his trial counsel, the record is incomplete to address the merits of the allegations raised. Therefore, we find that in the absence of a record which develops these issues, it is premature for us to consider the merits of defendant’s contention of ineffective assistance of counsel and leave these considerations for elaboration in a post-conviction proceeding.
JURY SIZE AND HABITUAL OFFENDER SENTENCE
Defendant contends that he was tried by an improper number of jurors and that the trial court failed to consider the felony sentencing guidelines.
With reference to defendant’s complaints regarding the size of the jury which convicted him, we note that defendant proceeded to trial -without raising an objection. In the absence of an objection in the trial court to jury size, we find that this issue is not properly before us and pretermit discussion of defendant’s argument.
Likewise, although defendant contends that the trial court failed to consider the felony sentencing guidelines, defendant neither orally or in written motion urged the trial court to reconsider the sentencing choice. Therefore, pursuant to LSA-C.Cr.P. Art. 881.1 we are precluded from reviewing the alleged excessiveness of defendant’s sentence as a fourth habitual offender.
HABITUAL OFFENDER BILL OF INFORMATION
Defendant next claims that since the habitual offender bill of information is substantively flawed, his conviction is unlawful. We pretermit discussion of defendant’s contention, finding that defendant neither filed a motion to quash the offender bill of information in the trial nor perfected this issue as one of the original assignments of error filed. Therefore we cannot consider defendant’s argument on appeal. LSA-C.Cr.P. Arts. 535 and 841.
GRAND JURY COMPOSITION
Defendant contends that an insufficient number of grand jurors returned the indictment against him. As stated in other instances herein, we pretermit discussion of defendant’s contention, finding that this issue was not perfected as one of the original assignments of error. Moreover, since defendant did not file a pretrial motion to quash his indictment, he has failed to preserve this issue for appellate review. State v. Sears, 298 So.2d 814 (La.1974). Therefore we cannot consider defendant’s argument of this issue on appeal.
For the foregoing reasons, defendant’s conviction and sentence are affirmed. Costs are assessed to defendant.
AFFIRMED.