461 So.2d 492 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Herbert J. GUILLORY, Defendant-Appellant.
No. CR84-424.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*493 Mark Delphin, Frank Granger, Delphin & Granger, Lake Charles, for defendant-appellant.
Leonard Knapp, Jr., Dist. Atty., F. Wayne Frey, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET and CUTRER, JJ., and CULPEPPER, Judge Pro Tempore.
CULPEPPER, Judge Pro Tempore.
This is an appeal from convictions of theft in violation of LSA-R.S. 14:67 and false imprisonment, offender armed with a dangerous weapon in violation of LSA-R.S. 14:46.1.
Deputy John Patrick Arceneaux was employed as an undercover narcotics agent by the Calcasieu Parish Sheriff's Office. On July 5, 1983, he had one or two telephone conversations with defendant, Herbert Guillory, arrived at defendant's home at approximately 10:00 p.m. for the purpose of attempting to purchase drugs, and denied accusations made by defendant and Gerald Comeaux that he was an undercover narcotics agent. When the defendant left the room briefly, Arceneaux ran out of the house. Comeaux, however, tackled him in the front yard. Defendant emerged from the house and removed the gun which Deputy Arceneaux kept under his belt. *494 The three men then entered the house. Deputy Arceneaux testified that Guillory forced him inside at gunpoint. Shortly thereafter, several other persons, including Van Ned, Miles Capdeville, Alfred Henry, Jr., and Emmett Baker, arrived at the defendant's house. Arceneaux testified that while the defendant pointed the gun at him, the others struck him. The defendant did stop the beating and allowed Arceneaux to leave, but kept the gun. Deputy Arceneaux left, returned to the sheriff's office, and was taken to the hospital for treatment of his injuries.
The defendant was charged with aggravated battery, theft, and false imprisonment, offender armed with a dangerous weapon. A jury of six found him guilty of theft of property of $310 in value and guilty of false imprisonment, offender armed with a dangerous weapon. On February 3, 1984, the date set for sentencing, the defendant filed a motion to continue sentencing. The trial court denied the motion and sentenced defendant to 18 months imprisonment in the custody of the Department of Corrections on each of the two charges, to run concurrently.
On appeal, defendant relies on four assignments of error for reversal of his convictions and sentence.
The first assignment of error is that the trial court erred in denying defendant's motion to continue sentencing.
Article 707 of the Louisiana Code of Criminal Procedure reads, in part, as follows:
"A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial."
Defendant's motion, filed on the date of sentencing, was not in proper form. It was not verified by affidavit and did not specifically allege the grounds on which it was based.
Absent a clear showing of abuse of discretion, the denial of a continuance by the trial judge will not be disturbed. State v. Long, 408 So.2d 1221 (La.1982). There was no abuse of discretion by the trial judge.
The second assignment of error is that the trial court erred when it did not allow the defendant to impeach the character of the State's witness, Deputy Arceneaux.
The question to which the prosecution objected was, "Now, have you ever been involved in the sale or transfer of narcotics?" The prosecutor objected to the relevancy of this particular question. The objection was apparently sustained after a bench conference. Defendant argues that he was precluded from further questioning Deputy Arceneaux as to the variance in his testimony and his statements on the police report. We disagree. The objection was only to the particular question last asked. The record does not indicate that defense counsel was precluded from impeaching the witness. He was simply not allowed to ask the question quoted above. The defendant argues that he was trying to impeach the witness by his prior inconsistent statements. He did not lay a foundation as required by Article 493 of the Louisiana Code of Criminal Procedure in order to impeach by prior inconsistent statements. Further, there is no showing of any inconsistent statements.
The defense counsel argues that he wanted to introduce evidence bearing on the witness's ability to perceive, and to show interest or bias on the part of the witness. We fail to see how the question objected to relates to the witness's ability to perceive. An answer to the question would not show any impairment of the senses at the time of the crimes. We also fail to see how an answer would show that the witness had any bias or prejudice in the case..
The third assignment of error is that the trial court erred when it did not grant a mistrial during the district attorney's rebuttal argument. In rebuttal, the assistant *495 district attorney made the following remarks:
"MR. FREY: .... If you're going to put yourself in somebody's place, put yourself in Patrick Arceneaux's place. He risked his life. He goes undercover, and risks his family. He tried to do something about the drug situation....
MR. GRAY: Your Honor, I'm going to object. That's an improper rebuttal.
THE COURT: Approach the bench, gentlemen, please, sir.
(Bench Conference.)
MR. FREY: I'll continue. He risks his life, and risks his family, by trying to do something about the drug problem in his parish. It's not easy......."
The defendant argues that these remarks were improper and that they were designed to divert the jury's attention from the guilt or innocence of the defendant and focus it on the necessity for rendering a verdict against the defendant and against crime in general.
Article 774 of the Louisiana Code of Criminal Procedure reads:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
"The argument shall not appeal to prejudice.
"The state's rebuttal shall be confined to answering the argument of the defendant."
A prosecutor should refrain from argument which tends to divert the jury from its duty to decide the case on the evidence by injecting issues broader than the guilt or innocence of the accused. State v. Messer, 408 So.2d 1354 (La.1982). The prosecutor's remarks could be construed as an attempt to divert the jury's attention from the guilt or innocence of the defendant and focus that attention on the drug problem in the parish and the efforts of one of the State's witnesses to do something about it.
However, for the verdict to be overturned on the basis of improper argument, this court must be firmly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Messer, supra. We are not convinced that the remarks contributed to the verdict. The defendant was acquitted of one of the three crimes he was charged with. There was substantial evidence of defendant's guilt of the two other crimes he was charged with. We will not reverse on the basis of the improper argument.
The fourth and final assignment of error is that the verdict was contrary to the law and evidence. The standard of review of sufficiency of the evidence is whether a rational trier of fact, accepting the facts in a light most favorable to the prosecution, would have found the defendant guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), State v. Williams, 423 So.2d 1048 (La.1982). Accepting the facts in the light most favorable to the prosecution, the jury would find this defendant guilty of theft and false imprisonment, offender armed with a dangerous weapon, beyond a reasonable doubt. The conviction is based on the direct testimony of Deputy Arceneaux, and other evidence. Other witnesses contradicted Arceneaux. However, when there is conflicting testimony as to a factual matter such as this, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. His factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981). The jury's decision to believe Deputy Arceneaux was not clearly contrary to the evidence.
This assignment of error is without merit.
The convictions and sentences of defendant are affirmed.
AFFIRMED.