GUIDRY, Judge.
On January 28, 1987, the defendant, Wilson Thompson, Jr., was convicted of possession of a schedule II controlled dangerous substance, a violation of La.R.S. 40:967. On May 29, 1987, the defendant was sentenced to serve three years, at hard labor, with credit for time served. Defendant appeals and raises three assignments of error.
FACTS
On December 17, 1985, Lafayette Parish Police Officer Oswald Doucet entered an establishment known as the Drag Kitchen Lounge, an enterprise with a reputation for drug trafficking. Doucet testified that when he entered the establishment someone shouted an alert and he observed the defendant jump up and toss a white envelope from his right hand. Doucet testified that he watched the envelope land in a coke case, and that he picked up the envelope and found that it contained four small plastic packages of a white powdery substance. Doucet testified that there was nothing else around the area from which the envelope was retrieved that could have been mistaken for the object thrown from defendant’s hand. This substance was subsequently tested and found to be cocaine.
Defendant gave contradictory testimony, the details of which are discussed in assignment of error number 1. The triers of fact found defendant guilty. He appealed.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error the defendant contends that the trial court erred in finding him guilty of possession of cocaine, because the State’s evidence was insufficient to support a verdict of guilty.
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), sets forth the proper standard for determining whether adequate evidence was presented to convict a defendant. Under Jackson, the question on review is whether any rational fact finder, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of *655 the offense proven beyond a reasonable doubt.
The instant case involves a determination of credibility between Lafayette City Police Officer Oswald Doucet and the defendant. Doucet testified that he entered the Drag Kitchen Lounge on December 17, 1985, that someone hollered police, and that he saw the defendant jump up and toss a white envelope from his right hand. Dou-cet testified that he saw the envelope land in a coke case and that he picked up the envelope and found that it contained four small plastic packages of a white powdery substance. Doucet testified that there was nothing else around the coke case and that the cocaine that was found was the same item which was thrown by the defendant.
The defendant testified that he had an altercation with Officer Doucet three weeks before he was arrested. He stated that Doucet wanted him to work for him as an informant, and when he turned Doucet down, a scuffle occurred. Defendant testified that Doucet told him that he would get him in the long run. Defendant testified that on the day of the arrest, Doucet entered the bar and instructed everyone but him to leave. Doucet then asked defendant, who around there had drugs. When defendant refused to answer Doucet’s question, he was arrested.
The defendant was convicted of possession of cocaine, a violation of La.R.S. 40:967. In order to uphold defendant’s conviction, a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, must be able to conclude beyond a reasonable doubt that the defendant knowingly and intentionally possessed cocaine. A rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could reasonably believe Officer Doucet’s testimony, and conclude that the defendant was guilty beyond a reasonable doubt.
Where there is conflicting testimony, the question of credibility of the witnesses is within the sound discretion of the trier of fact. The trier of facts factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981); State v. Guillory, 461 So.2d 492 (La.App. 3rd Cir.1984). The jury’s decision to believe Officer Doucet is not clearly contrary to the evidence.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error the defendant contends that he did not have effective counsel. Defendant failed to brief this assignment of error and it is considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4; State v. Dewey, 408 So.2d 1255 (La.1982).
ASSIGNMENT OF ERROR NO. 3
By this assignment of error the defendants requests that we review the record for errors patent. We have done so and find none.
For these reasons, defendant’s conviction and the sentence imposed are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.