# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 07-1326

STATE OF LOUISIANA

VERSUS

KIRBY MATTHEW, JR.

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 72734F
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

**CONVICTIONS AFFIRMED; SENTENCE FOR MANSLAUGHTER AFFIRMED AS AMENDED; SENTENCE FOR AGGRAVATED BATTERY VACATED AND REMANDED WITH INSTRUCTIONS.**


C. Brent Coreil
District Attorney
Anthony L. Walker
Assistant District Attorney
Post Office Drawer 780
Ville Platte, LA   70586
(337) 363-3438
COUNSEL FOR APPELLEE:
     State of Louisiana

Mark O. Foster
Louisiana Appellate Project
P. O. Box 2057
Natchitoches, LA   71457
(318) 572-5693
COUNSEL FOR DEFENDANT /APPELLANT:
     Kirby Matthew, Jr.

**Kirby Matthew, Jr.**
**A.V.C./Cajun 2 B-2**
**1630 Prison Road**
**Cottonport, LA   71327**

AMY, Judge.

**Factual and Procedural Background**

The defendant, Kirby Matthew, Jr., was charged by bill of indictment with second degree murder, a violation of La.R.S. 14:30.1, and unauthorized use of a motor vehicle, a violation of La.R.S. 14:68.4. He pled guilty to the amended charges of manslaughter, a violation of La.R.S. 14:31, and aggravated battery, a violation of La.R.S. 14:34.[1] On the manslaughter conviction, the defendant was sentenced to thirty-five years, and on the aggravated battery conviction, he received a seven-year sentence. These sentences were ordered to run concurrently. The trial court denied the defendant's oral motion to reconsider sentence. The defendant now appeals, arguing that his sentence for manslaughter is excessive and that the trial court did not comply with La.Code Crim.P. art. 894.1. For the following reasons, we affirm the defendant's convictions; affirm as amended his sentence for manslaughter; and vacate the defendant's sentence for aggravated battery and remand with instructions.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find two errors patent.

First, the trial court did not indicate whether the defendant's sentence for manslaughter was to be served at hard labor. Although the minutes of sentencing indicate the trial court ordered the sentence imposed on the manslaughter conviction

---

[1] According to the facts adduced at the guilty plea hearing:

The defendant "is accused of having entered the home of Ms. Victoria Jacobs and after having a relationship as a boyfriend and girlfriend with her and having shot her and resulted in her death, and at the same time having injured her minor child with the gun that he killed Ms. Jacobs with.

to be served at hard labor, the transcript of the sentencing hearing indicates that the trial court failed to specify that the sentence imposed for manslaughter was to be served at hard labor.

The defendant's sentence for manslaughter is necessarily punishable at hard labor. *See* La.R.S. 14:31. The trial court's failure to state that the defendant's sentence for manslaughter was to be served at hard labor renders that sentence illegally lenient. *See State v. Loyden*, 04-1558 (La.App. 3 Cir. 4/6/05), 899 So.2d 166. Thus, pursuant to La.Code Crim.P. art. 882, we amend the sentence to reflect that it is to be served at hard labor.

Second, the trial court also failed to indicate whether or not the defendant's sentence for aggravated battery was to be served at hard labor. Louisiana Revised Statutes 14:34 states that the sentence for aggravated battery may be served with or without hard labor. Thus, the trial court imposed an indeterminate sentence. *See Id.* Consequently, we vacate the sentence, remand this matter for the imposition of a determinate sentence, and instruct the trial court to specify whether the sentence is to be served with or without hard labor.

*Excessive Sentence*

The defendant argues that his sentence for manslaughter "was cruel, unusual and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974." He also argues that the "trial court failed to comply with La. C.Cr.P. art. 894.1, in failing to articulate for the record the aggravating and mitigating considerations taken into account and the factual basis for imposing a near maximum sentence."

2

In *State v. Barling*, 00-1241, 00-1591, p.12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court articulated the standard for reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The penalty for manslaughter is imprisonment "at hard labor for not more than forty years." La.R.S. 14:31. Here, the defendant received a thirty-five year sentence.

After considering the arguments of the parties and the evidence presented, the trial court stated:

> I have thoroughly examined and read the pre-sentence investigation and I understand the concept of post-traumatic stress, but the fact remains this woman was brutally shot to death and the younger girl nearly lost her life also by this thing. I have closely examined the guidelines set out by Code of Criminal Procedure Article 894.1, and any lesser sentence in what I'm going to impose would deprecate the seriousness of the crime.

After reviewing the record, we do not find that the defendant's sentence is excessive. We note that the defendant was initially charged with second degree murder which carried a sentence of "life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." By pleading guilty to manslaughter,

3

the defendant greatly reduced his sentencing exposure. Furthermore, he did not receive the maximum sentence for manslaughter.

Because the defendant did not raise in his oral motion to reconsider sentence that the trial court failed to comply with La.Code Crim.P. art. 894.1, he cannot raise that for the first time on appeal. *See* La.Code Crim.P art. 881.1(E) and Uniform Rules – Courts of Appeal, Rule 1-3. However, we note that the trial court gave adequate consideration to mitigating and aggravating factors as required by Article 894.1. Given the circumstances, we find that the trial court did not abuse its discretion in imposing sentence. Accordingly, this assignment has no merit.

*Pro Se Assignment of Error*

The defendant argues that "the trial court committed reversible error in law, when [accepting his] plea of guilty to Manslaughter and Aggravated Battery, without first addressing [him] personally in open court and determining that he understands the nature of the charge to which the plea is offered." Specifically, the defendant contends that the trial court did not personally explain the elements of manslaughter and aggravated battery as stated under their respective statutes.

After the State gave the factual basis for the charges, the following discussion occurred:

**BY MRS. MEYERS** [Assistant District Attorney]

He is charged with Manslaughter for the death of Ms. Jacobs, whoever commits Manslaughter shall be imprisoned at hard labor for not more than 40 years and on the Aggravated Battery for the injury of the child, Aggravated Battery is a battery committed with a dangerous weapon and whoever commits an aggravated battery shall be fined not more than $5,000, imprisoned with or without hard labor for not more than 10 years or both.

4

**BY THE COURT**:

Alright, Mr. Chapman [defense counsel], are you satisfied with the reading of the maximum penalty and are you further satisfied with the factual basis that is set forth by Mrs. Meyers [assistant district attorney], and are you further satisfied that there be sufficient evidence to prove the essential elements of the crime beyond a reasonable doubt?

**BY MR. CHAPMAN**:

Yes, Your Honor.

The defendant then pled guilty to both charges.

In *State v. Morrison*, 99-1342, pp. 2-3 (La.App. 3 Cir. 3/1/00), 758 So.2d 283, 284-85, this court explained:

La.Code Crim.P. art. 556.1(A) requires the trial judge to inform defendant of the "nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." The trial court in the present case failed to personally inform the Defendant of the nature of the charges to which he was pleading as required by Article 556.1. This court has interpreted Article 556.1's requirement that the Defendant be informed of the nature of the charges against him as a requirement that the defendant be advised of the elements of the charges against him. *State v. Whiddon*, 99-1 (La.App. 3 Cir. 6/2/99); 741 So.2d 797. Although the guilty plea form signed by the Defendant states that he was informed of the nature of the charge, the guilty plea colloquy does not indicate the Defendant was so informed by either his attorney or the trial judge of the specific elements of the charge of manslaughter.

Prior to the enactment of Article 556.1, this court chose not to vacate guilty pleas based on the trial court's failure to advise the defendant of the nature and penalties of his crime. Since the enactment of Article 556.1, however, such an advice [sic] is mandatory. Thus far, this court has found that when noncompliance with Article 556.1 involves a statutory requirement rather than a constitutional requirement (*i.e.*, advising of the three Boykin rights) the noncompliance is harmless if the defendant does not "allege any misunderstanding as to the nature of the charges to which he pled." *See State v. Whiddon*, 741 So.2d at 800. In the instant case, the Defendant specifically alleges that the trial court did not satisfy the requirements of Article 556.1 by failing to advise him of the elements of the charge against him. However, the Defendant does not allege that he did not understand the nature of the charges to which he pled. The record clearly reflects that the Defendant was properly *Boykinized*, informed of the charge and sentencing

exposure, and of the factual basis for the charge. Under the circumstances, we find the trial court's failure to delineate the specific elements of the charge to be harmless error.

Here, the defendant does not allege that he did not understand the nature of the charges to which he pled guilty. Further, the record clearly reflects that he was properly *Boykinized*, informed of the charges and sentencing exposure for both offenses, and of the factual basis for the charges. Thus, pursuant to *Morrison*, 758 So.2d 283, the trial court's failure to delineate the specific elements of the charges for manslaughter and aggravated battery is harmless error.

This assignment is without merit.

## DECREE

For the foregoing reasons, the defendant's sentence for manslaughter is amended to reflect that it is to be served at hard labor. The defendant's convictions are affirmed, and his sentence for manslaughter is affirmed as amended. The defendant's sentence for aggravated battery is vacated and remanded for the imposition of a determinate sentence with instructions to specify whether the sentence is to be served with or without hard labor.

**CONVICTIONS AFFIRMED; SENTENCE FOR MANSLAUGHTER AFFIRMED AS AMENDED; SENTENCE FOR AGGRAVATED BATTERY VACATED AND REMANDED WITH INSTRUCTIONS.**