# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-786


**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL ADAM DOMINGUE**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11144-16
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## D. KENT SAVOIE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy H. Ezell, and D. Kent Savoie, Judges.


**CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED.**

**John Foster DeRosier**
**District Attorney, Fourteenth Judicial District Court**
**Cynthia Killingsworth**
**Elizabeth Brooks Hollins**
**Assistant District Attorneys**
**901 Lakeshore Drive, Suite 800**
**Post Office Box 3206**
**Lake Charles, Louisiana 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Michael Adam Domingue**

**SAVOIE, Judge.**

On May 19, 2016, a Calcasieu Parish grand jury indicted Defendant Michael Adam Domingue for manslaughter, a violation of La.R.S. 14:31. The parties selected a jury on November 14, 2016; said jury began hearing evidence on November 15. On November 16, the jury returned a responsive verdict of negligent homicide.

On February 15, the district court sentenced Defendant to five years, however, the transcript fails to show whether this time is to be served at hard labor.

Defendant appeals, assigning four errors. For the following reasons, we affirm Defendant's conviction, vacate Defendant's sentence, and remand to the district court for imposition of a determinate sentence.

## FACTS

The victim Donald Dean Trahan, Jr., aka "T-Don," and his girlfriend Jennifer Carlile lived in a trailer owned by Defendant. On March 22, 2016, Carlile went to a hospital with a broken nose and eye sockets, apparently the result of a beating from the victim. At about the same time that day, the victim was out fishing. Carlile returned to the trailer after her hospital visit; later Trahan arrived at the trailer and an argument ensued. Defendant came out of his room wearing a holstered handgun and ordered the victim to leave. The victim refused, and the argument escalated between the two men. At some point, the victim pulled off his hoodie; several witnesses interpreted this gesture as the beginning of a fight. Some witnesses said the victim advanced toward Defendant; there is no dispute the latter fired a lethal shot.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is an error patent raised, which we address in Assignment of Error Number Three.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Defendant argues the evidence adduced by the State at trial was insufficient to support his conviction for negligent homicide. More specifically, he contends the State failed to prove he did not shoot the victim in self-defense. There is no dispute regarding whether Defendant shot the victim; the issue is simply whether the shooting was justified.

> "In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). . . . [T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Captville*, 448 So.2d 676, 678 (La.1984) . . . . Furthermore, in a case in which defendant asserts that he acted in self-defense, the state has the burden of establishing beyond a reasonable doubt that he did not act in self-defense. *State v. Brown*, 414 So.2d 726, 728 (La.1982). When defendant challenges the sufficiency of the evidence in such a case, the question becomes whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the homicide was not committed in self-defense. *State v. Matthews*, 464 So.2d 298 (La.1985).

*State ex rel. D.P.B.*, 02-1742, pp. 4-6 (La. 5/20/03), 846 So.2d 753, 756-57 (footnote omitted).

The applicable statute, La.R.S. 14:20, states, in part:

A. A homicide is justifiable:

(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger.

2

(2) When committed for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm by one who reasonably believes that such an offense is about to be committed and that such action is necessary for its prevention. The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life or person if he attempted to prevent the felony without the killing.

. . . .

C. A person who is not engaged in unlawful activity and who is in a place where he or she has a right to be shall have no duty to retreat before using deadly force as provided for in this Section, and may stand his or her ground and meet force with force.

D. No finder of fact shall be permitted to consider the possibility of retreat as a factor in determining whether or not the person who used deadly force had a reasonable belief that deadly force was reasonable and apparently necessary to prevent a violent or forcible felony involving life or great bodily harm or to prevent the unlawful entry.

Generally, the witnesses appear to agree that the victim was arguing with his girlfriend in Defendant's trailer. Defendant came out of his room wearing a gun in a holster and told the victim that he needed to leave; the victim refused and the argument escalated. The victim took off or started to take off his hoodie in a manner that some witnesses interpreted as signifying he wanted to fight. Some witnesses also stated that the victim moved toward Defendant. There is no allegation that the victim was armed.

We find the core issue in this case is the proportionality of the use of force. Regardless of any possibility of whether the victim was dangerous or aggressive, it is undisputed that Defendant used armed, deadly force against an unarmed individual.

In *State v. Mincey*, 08-1315, pp. 2-5 (La.App. 3 Cir. 6/3/09), 14 So.3d 613, 615-16, this court opined:

3

Defendant does not deny that he shot and killed the victim, nor did he deny it at trial. Rather, he argues that the State failed to disprove that he acted in self-defense. Killing in self-defense is governed by La.R.S. 14:20(A), which states, in pertinent part, "[a] homicide is justifiable: (1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger." (Emphasis added).

Defendant contends that the killing was justifiable because he had his back against the wall, and was surrounded by the victim and the victim's two friends, Doucet and Jones. Further, he contends that shooting the victim was the only way he could escape.

The essence of his defense is that he was justified in responding to an attempted punch by shooting his opponent in the chest at close range. We recognize that Dejean had two friends with him. Thus, Defendant may have genuinely felt endangered; further, some level of fear was objectively reasonable. However, the level of force he used to defend himself was far beyond what was necessary under the circumstances.

In the context of self-defense in a manslaughter prosecution, our court has observed in *State v. Griffin*, 06-543, pp. 12, 14 (La.App. 3 Cir. 9/27/06), 940 So.2d 845, 851, 854, *writ denied*, 07-2 (La.9/14/07), 963 So.2d 995, the following:

> The State had the burden of proving the Defendant did not stab Marcus Conway in self-defense; therefore, we must determine whether the Defendant reasonably believed that he was in imminent danger of losing his life or receiving great bodily harm and that killing Marcus was necessary to save himself from that danger. The standard in La.R.S. 14:20 is whether the Defendant's subjective belief that he was in danger was reasonable. *State v. Brown*, 93-1471 (La.App. 3 Cir. 5/4/94), 640 So.2d 488.

>> Factors to consider in determining whether a defendant had a reasonable belief that the killing was necessary are the excitement and confusion of the situation, the possibility of using force or violence short of killing, and the defendant's knowledge of the assailant's bad character. *State v. Hardeman*, 467 So.2d 1163 (La.App. 2d Cir.1985). Although there is no unqualified duty to retreat, the possibility of escape is a factor to consider in

4

determining whether a defendant had a reasonable belief that the use of deadly force was necessary to avoid the danger. *State v. Brown*, 414 So.2d 726 (La.1982).

> *State v. Spivey*, 38,243, p. 6 (La.App. 2 Cir. 5/12/04), 874 So.2d 352, 357.

> In cases where the defendant claims self-defense as a justification, the absence of a weapon from the victim's person or immediate reach is often a critical element of the state's proof. *See State v. Davis*, 28,662 (La.App.2d Cir.9/25/96), 680 So.2d 1296. . . . The absence of weapon on the victim, however, is not dispositive of the issue. . . .

> *State in Interest of D.S.*, 29,554, p. 3 (La.App. 2 Cir. 5/7/97), 694 So.2d 565, 567.

> . . . .

> By returning the guilty verdict, the jury obviously did not believe the Defendant acted in self-defense. We find that a rational fact finder, after viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the State proved the homicide was not committed in self-defense. Accordingly, this assignment of error lacks merit.

Defendants in this case and in *Griffin* used deadly force against what were unarmed attacks. Thus, as in *Griffin*, the jury in the present case could rationally have concluded that Defendant did not act in self-defense.

This analysis applies even if the jury believed the testimony of Defendant's most favorable witness, Ms. Bryant, the Defendant's mother. Of course, the State presented evidence that was less favorable to Defendant. Jones testified that Defendant walked to the bar's bathroom, and bumped into the victim, then bumped into the victim again on his way back. The victim then told him to watch where he was going, "[a]nd the dude got crazy." According to Jones, Defendant indicated that he wanted to resolve the issue outside, so Jones and Doucet followed him out of the bar. When they arrived outside, Defendant got near a wall and put his hand under his shirt. Jones testified that he saw Defendant had a gun, so then he and Doucet began backing up. The victim then came out and got in front of Defendant. When the victim touched his hat, Defendant shot him.

Jones opined that the victim did not see the gun in Defendant's waistband. Doucet's testimony was similar, although he acknowledged that he did not see the initial jostling that apparently triggered the incident.

Defendant did not deny shooting and killing the victim. His defense was justification. However, as mentioned earlier, responding to an oncoming punch by shooting the other person in the chest is an excessive response. Thus, the jury's determinations in the present case were not unreasonable. Therefore, the Defendant's reliance on self-defense is meritless.

In light of *Mincey* and the jurisprudence cited therein, we find Defendant used disproportionate force against the unarmed victim. This assignment of error lacks merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, Defendant complains the district court erred in not granting a mistrial due to improper remarks by the prosecutor during closing arguments. Specifically, he refers to the following passage:

Everyone has a right to own a weapon. That is a right that we have. And in this situation, what you need to understand is that you, as a jury, if you were to come back not guilty, you would be allowing somebody to shoot --

The court sustained Defendant's objection. Both parties also note an earlier portion of the prosecutor's argument:

Now that I've listed those two important parts, there was some other information that was provided to you, the jury. I'm sure you remember Mr. Casanave's opening statement, I do, where it was a dramatic leap across the room yelling and slamming his hand down right in front of you. I remember that, as if he was a linebacker attacking.

I told you what I was going to prove and show you in my opening. I don't believe that Mr. Casanave has proven his.

The court overruled Defendant's objection.

Further, he cites La.Code Crim.P. art. 774, which states, in part: "The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice." Trial counsel lodged an objection which the court sustained. After the prosecutor had finished, Defendant's trial counsel moved for a mistrial at the bench; the court denied the motion.

Defendant cites La.Code Crim.P. art. 771, which states, in part:

> In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
>
> > (1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770[.][1]

---

[1]Louisiana Code of Criminal Procedure Article 770 states:

Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:

(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;

(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;

(3) The failure of the defendant to testify in his own defense; or

(4) The refusal of the judge to direct a verdict.

An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.

While Defendant acknowledges the court did not allow the prosecutor to finish her statement, he argues she said enough to unduly prejudice his case. Defendant cites some general jurisprudence on this issue but no analogous cases. He observes:

> A prosecutor's predictions as to the consequences of a not guilty verdict, or the societal costs of such a result, are clearly improper and should be avoided. *State v. Barrow*, 410 So.2d 1070 (La.1982), *cert. denied*, 459 U.S. 852, 103 S.Ct. 115, 74 L.Ed.2d 101. Accordingly, a prosecutor should refrain from argument which tends to divert the jury from its duty to decide the case on the evidence by injecting issues broader than the guilt or innocence of the accused. *State v. Guillory*, 461 So.2d 492 (La.App. 3d Cir.1984).

*State v. Williams*, 524 So.2d 1221, 1233 (La.App. 3 Cir.), *writ denied*, 530 So.2d 93 (La.1988).

Defendant also acknowledges "much credit should be accorded to the good sense and fair mindedness of jurors who have seen the evidence and heard the argument, and have been instructed repeatedly by the trial judge that arguments of counsel are not evidence." *State v. Mitchell*, 94-2078, p. 11 (La. 5/21/96), 674 So.2d 250, 258, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 614 (1996). The State cites similar language from another case. Further, the State notes, "even assuming that such remarks were inappropriate, a conviction will not be reversed due to an improper remark during closing argument unless the court is thoroughly convinced that the remark influenced the jury and contributed to the verdict[.]" *State v. Martin*, 93-285, p. 18 (La. 10/17/94), 645 So.2d 190, 200, *cert. denied*, 515 U.S 1105, 1155 S.Ct. 2252 (1995).

The State notes portions of the district court's final instructions to the jury:

> The defendant is not required to call any witnesses or to produce any evidence. The defendant is not required to testify. No

8

presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify.

Now that you have heard the relevant law of the offenses charged, I must explain to you your duties. Jurors should not be influenced by sympathy, passion, prejudice, bias, or public opinion. You are expected to reach a just verdict.

Defendant has not pointed to any analogous case that demonstrates the current situation gives rise to undue prejudice. Also, the first statement by the prosecutor appears to be more of an argument that the evidence did not support claims made by defense counsel in his opening statement, rather than an attempt to shift or comment on the ultimate burden of proof. In light of the cases cited by both parties and the district court's instructions to the jury, this assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER THREE

In his third assignment of error, Defendant argues that his sentence is indeterminate, and the State agrees. A determinate sentence is required by La.Code Crim.P. art. 879 which states, "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." The parties agree that the transcript does not show whether the court sentenced Defendant to hard labor. Pursuant to La.R.S. 14:32(C)(1), a sentence for negligent homicide may be either with or without hard labor. Since the district court did not specify, the sentence is indeterminate and should be vacated. Further, the case should be remanded for the district court to impose a determinate sentence. *State v. Mouton*, 12-836 (La.App. 3 Cir. 2/27/13), 129 So.3d 49, *writ denied*, 14-1891 (La. 9/11/15), 176 So.3d 415; *State v. Matthew*, 07-1326 (La.App. 3 Cir. 5/28/08), 983 So.2d 994, *writ denied*, 08-1664 (La. 4/24/09), 7 So.3d 1193.

9

Accordingly, Defendant's sentence is vacated, and the matter is remanded to the district court in order to impose a determinate sentence. Based on the foregoing, discussion of the final assignment of error is pretermitted because it also challenges the sentence.

## DECREE

Defendant's conviction is affirmed. Defendant's sentence is vacated, and the case is remanded to the trial court in order to impose a determinate sentence.

**CONVICTION AFFIRMED; SENTENCE VACATED; AND REMANDED.**